UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID CALLISTER,<br><br>               Plaintiff,<br><br>v.<br><br>CHET OWEN, an individual,<br><br>               Defendant. | Case No. 1:16-cv-00474-CWD<br><br>**MEMORANDUM DECISION AND ORDER RE:**<br><br>**MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT (DKT. 21); and**<br><br>**MOTION TO TAKE JUDICIAL NOTICE (DKT. 24)** |

## INTRODUCTION

Pending before the Court are two motions: (1) Defendant's Motion to Set Aside Clerk's Entry of Default (Dkt. 21); and (2) Plaintiff's Motion to Take Judicial Notice (Dkt. 24.) Both motions are ripe for the Court's consideration.

All parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). In the interest of avoiding delay, and because the Court conclusively finds the decisional process would not be significantly aided by oral argument, the pending motions will be decided on the record and without oral argument. Dist. Idaho. L. Rule 7.1(d). As discussed more fully below, the Court will grant the

motion to set aside the Clerk's entry of default and deny the motion to take judicial notice.

## BACKGROUND FACTS

On October 24, 2016, Plaintiff David Callister filed this breach of contract action against Defendant Chet Owen. (Dkt. 1.) On October 31, 2016, Callister served the summons and Complaint on Owen's son, Chad Owen, at their family home in Molalla, Oregon.[1] Dec. Owen, ¶ 8 (Dkt. 21-2 at 2.) Apparently, Chad Owen did not inform his father of the service. On the date of service, Owen was away on business in Panama; he returned November 1, 2016. *Id.* at ¶ 3. Owen's deadline to answer the Complaint or file a responsive pleading was November 21, 2016.

On November 10, 2016, Owen sent a text message[2] to Callister. Before receiving a response, Owen left for a domestic business trip from November 14, 2016 through November 24, 2016. *Id.* at ¶ 4. On November 21, 2016, during Owen's business trip and on the day of the answer deadline, Callister responded, "Chet at this point you'll have to work with the attorney." *Id.* at ¶ 7. Owen contends this text message was the first indication he had that legal claims may have been lodged against him. On November 22, 2016, Callister filed a motion for Entry of Default Judgment pursuant to Fed. R. Civ. P. 55. (Dkt. 6.)

---

[1] The age of Owen's son is not indicated; however, Owen does not raise an argument regarding improper service of process pursuant to Fed. R. Civ. P. 4(1)(2).

[2] The content of the text message is not indicated by the parties and does not appear relevant to the resolution of the instant motions.

**MEMORANDUM DECISION AND ORDER - 2**

On November 26, 2016, Owen's wife informed him that the summons and Complaint in this matter was served on their son some time previously. Dec. Owen, ¶ 8 (Dkt. 21-2 at 2). Over the Thanksgiving holiday weekend, Owen searched for an attorney. *Id.* at ¶ 9. Owen purportedly left voicemails at serval Boise law firms in an attempt to retain counsel; however, Owen alleges the firms declined to represent him because his dispute was out of their areas of expertise. *Id.* That Saturday, November 27, 2016, and through December 4, 2016, Owen was in California for business. *Id.* at ¶ 5.

On November 28, 2016, The Court denied Callister's motion for entry of default judgment as premature, indicating that Callister could not seek an entry of default judgment against Owen without first seeking a Clerk's entry of default. (Dkt. 8.) The next day, Callister filed a motion for Clerk's entry default. (Dkt. 9.) On December 6, 2016, the Clerk of the Court entered default against Owen. (Dkt. 11.)

On December 6, 2016, through December 18, 2016, Owen was travelling on business in Panama. Dec. Owen, ¶ 7 (Dkt. 21-2 at 2). On December 7, 2016, while in Panama, Owen contacted and was able to retain his current counsel. The next day, his counsel entered an appearance in this matter. (Dkt. 13.)

On February 7, 2017, Owen filed a motion to set aside the Clerk's entry of default. (Dkt. 21.) Callister opposes the motion. (Dkt. 24.) Related to the documents filed in support of his response, Callister filed a motion for the Court to take judicial notice of other court documents where default has been entered against Owen. (Dkt. 24.)

# DISCUSSION

Owen contends good cause exists to support his motion to set aside the Clerk's entry of default. Callister argues Owen cannot establish good cause to set aside the default because Owen's own culpable conduct led to default being entered against him. The Court will address Callister's related motion to take judicial notice before addressing Owen's motion to set aside the Clerk's entry of default.

## I.     Motion to Take Judicial Notice (Dkt. 24)

Callister filed a motion requesting the Court to take judicial notice pursuant to Fed. R. Evid. 201(b) of certain print-outs that appeared on the websites of the Oregon Judicial Department, the Idaho Repository, and the United States Bankruptcy Court, for the District of Oregon. (Dkt. 27.) The print-outs indicate that Owen has had several entries of default and default judgment entered against him in the past. Owen opposes the motion, arguing that Callister has failed to state for what purpose the materials he seeks to be judicially noticed should be used.[3] For the following reasons, the Court will deny Callister's request.

Federal Rule of Evidence 201 provides that the Court may take judicial notice of an "adjudicative fact," provided that the:

> [J]udicially noticed fact is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy is supplied with the necessary information.

---

[3] Callister did not file a reply brief to his motion for judicial notice.

**MEMORANDUM DECISION AND ORDER - 4**

The Court may take judicial notice of "[p]ublic records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies." *U.S. ex rel. Modglin v. DJO Glob. Inc.*, 48 F.Supp.3d 1362, 1381 (C.D. Cal. 2014) (internal quotations omitted); *see Paralyzed Veterans of Am. v. McPherson*, No. C064670SBA, 2008 WL 4183981, at *6 (N.D. Cal. Sept. 9, 2008) (taking judicial notice of letters and information appearing on and printed from the California Secretary of State website).

However, "[a] judicially noticed fact…must be relevant" to the immediate parties and instant action. *Pac. Gas & Elec. Co. v. Lynch*, 216 F. Supp. 2d 1016, 1025 (N.D. Cal. 2002) (declining to take judicial notice of settlement agreement between defendants and the SEC because the documents were not relevant to the instant dispute); *Doty v. State Farm Fire & Cas.*, 985 F.2d 572 (9th Cir. 1993) ("An adjudicative fact is a fact concerning the *immediate parties*-who did what, where, when, how, and with what motive or intent."). Though not stated specifically in his motion, it appears Callister requests the Court take judicial notice of these documents to show that past instances of entry of default and default judgment against Owen are probative of culpability in allowing entry of default against him in this litigation. While the print-outs may be judicially noticed for another purpose later in this case, evidence of Owen's past defaults have no relevance to Owen's conduct as it relates to the Clerk's entry of default entered against him in this lawsuit. As such, the Court will deny Callister's motion.

**MEMORANDUM DECISION AND ORDER - 5**

## II. Motion to Set Aside Clerk's Entry of Default (Dkt. 21)

Owen seeks to set aside the Clerk's entry of default entered against him pursuant to Fed. R. Civ. P. 55(c). More specifically, Owen contends he can show good cause for failing to timely answer or otherwise respond to the Complaint, because he: (1) did not intentionally fail to answer the complaint; (2) he has a meritorious defense; and (3) Callister would not suffer prejudice if the Court sets aside the Clerk's entry of default. For the reasons that follow, the Court finds good cause exists to set aside the Clerk's entry of default against Owen.

"The court may set aside an entry of default for good cause...." Fed. R. Civ. P. 55(c). The "good cause" standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b). *TCI Group Life Ins. Plan v. Knoebber,* 244 F.3d 691, 696 (9th Cir. 2001). The good cause analysis requires the Court to consider three factors:

> (1) whether Owen engaged in culpable conduct that led to the default;
>
> (2) whether Owen has no meritorious defenses; or
>
> (3) whether Callister would be prejudiced if default is set aside.

*United States v. Signed Pers. Check No. 730 of Yubran S. Mesle,* 615 F.3d 1085, 1091 (9th Cir. 2010) (citing *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.,* 375 F.3d 922, 925–26 (9th Cir. 2004)). As these factors are disjunctive, the Court may deny the motion if any of the three factors are true. *Am. Ass'n of Naturopathic Physicians v. Hayhurst,* 227 F.3d 1104, 1108 (9th Cir. 2000).

The party seeking relief from the entry of default bears the burden of showing that these factors favor such relief. *See Franchise,* 375 F.3d at 926. In considering these good cause factors, the United States Court of Appeals for the Ninth Circuit instructs that the Court is to be guided by the underlying policy concern that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen,* 739 F.2d 461, 463 (9th Cir. 1984).

The Court will address each good cause factor separately below:

### A. Culpable Conduct

Owen contends his failure to timely answer or otherwise respond to the Complaint was neither intentional nor done to gain a tactical advantage. Specifically, Owen explains his untimeliness was due to his busy travel schedule and the fact that he, personally, was not served. He argues that, as soon as he learned of the pending lawsuit against him, he quickly retained counsel and entered an appearance. Callister argues Owen's documented history of allowing defaults to be entered against him demonstrates Owen's culpability of allowing default to be entered against him on this occasion. The Court respectfully disagrees with Callister.

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Garner v. Wells Fargo Home Mortgage, Inc.*, 2011 WL 2413841, at *2-3 (D. Idaho June 9, 2011) (quoting *TCI Group Life Ins. Plan v. Knoebber,* 244 F.3d 691, 697 (9th Cir. 2001)). "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with

**MEMORANDUM DECISION AND ORDER - 7**

judicial decisionmaking, or otherwise manipulate the legal process' is not intentional and should not necessarily be considered culpable conduct." *Lakeview Cheese Co., LLC v. Nelson-Ricks Creamery Co.*, 296 F.R.D. 649, 653 (D. Idaho 2013) (internal quotations omitted). "Rather, a defendant's conduct should not be deemed culpable when there is no explanation of the default inconsistent with a devious, deliberate, willful or bad faith failure to respond."[4] *Id.*

Owen's explanation as to why he did not timely file an answer or responsive pleading to the Complaint is not consistent with a devious or deliberate bad faith failure to respond, but rather, is indicative of inadvertence or neglect. During the time the lawsuit was filed, Owen was in and out of town on business. He finally realized the immediate lawsuit against him during the Thanksgiving holiday weekend; he began searching for counsel as soon as he was fully aware Callister filed suit against him. Owen continued to seek counsel while he was out of the country for business and successfully retained counsel the first week of December of 2016. The Court does not find Owen's conduct with respect to his failure to more timely retain counsel culpable.

Moreover, the Court rejects Callister's argument that Owen is culpable due to other instances where default was entered against him in the past and unrelated to this instant action. The Court determines Owen's culpability by considering whether he

---

[4] The Ninth Circuit recognizes a second line of cases of which suggests that, if a defendant has received actual or constructive notice of an action and fails to answer, this conduct alone is indicative of culpability. *See Franchise Holding II, LLC, v. Huntington Rests. Inc. Group, Inc.,* 375 F.3d 922, 922 (9th Cir. 2004). However, the Ninth Circuit limited this holding by clarifying that the standard for culpability is inappropriate where the defaulting party is not represented by counsel or is otherwise not legally sophisticated. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle,* 615 F.3d 1085, 1091 (9th Cir.2010). During the relevant period at issue, Owen was not represented by counsel and Callister makes no argument, and nothing in the record suggests that Owen is a legally sophisticated party. As such, the Court will apply the line of Ninth Circuit case law as cited above.

**MEMORANDUM DECISION AND ORDER - 8**

received "notice of the filing of the action." Callister cites no authority to support his position that evidence of a defendant's past instances of default support a culpability finding in a later action.

### B. Meritorious Defense

Owen contends he can present a meritorious defense to the claims alleged against him in the Complaint. Specifically, Owen argues he can present facts demonstrating he is not a real party in interest. Callister did not address this factor in his response to Owen's motion to set aside Clerk's entry of default.

A party "seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle,* 615 F.3d 1085, 1094 (9th Cir. 2010). Rather, the defendant satisfies the meritorious defense requirement if he alleges sufficient facts that, if true, would constitute a defense. *Id.* Whether those allegations are true are not determined by the Court upon the motion to set aside the entry of default, but would be the subject of later litigation.

Here, the causes of action alleged in the Complaint arise from the contracting parties' acts and omissions under two specific contracts.[5] The first contract is a Purchasing Agency Agreement between "Dave Collister" [sic] and "Chet Owen of SBM Northwest." Owen Dec., ¶ 12 (Dkt. 21-2 at 2). Owen contends he is not named as an

---

[5] These contracts are not yet part of the record. Owen alleges that to date, only drafts and illegible photos of these contracts have been produced by the parties. (Dkt. 21-1 at n. 1.)

**MEMORANDUM DECISION AND ORDER - 9**

individual party to the Purchasing Agency Agreement. *Id.* The second contract, titled "Non-Circumvention and Confidentiality Agreement," is purportedly between SBM Northwest, LLC, and Hard Rock Construction, Inc. *Id.* at ¶ 13. Owen contends neither he nor Callister are named as parties individually in the second contract. *Id.* Owen argues that it was SBM Northwest, LLC that Callister contracted with, and thus, Callister has failed to name the proper defendant in this action.

These facts as alleged by Owen, if true, would constitute a meritorious defense. Accordingly, this factor supports setting aside the Clerk's entry of default.

### C. Prejudice to Plaintiff

Owen contends setting aside the entry of default would not prejudice Callister, but would put the parties back on equal footing, allowing an opportunity for mutual resolution or rulings on the merits of the case. Owen argues further that prejudice would not result, because Callister would still be required to proceed to a hearing to establish the amount of damages before the Court could enter default judgment. Callister did not address this factor in his response to Owen's motion to set aside the Clerk's entry of default.

To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case" or "being forced to litigate on the merits." *TCI Group Life Ins. Plan v. Knoebber,* 244 F.3d 691, 701 (9th Cir.2001); *Mesle,* 615 F.3d at 1094. Rather, "[t]he standard is whether [the plaintiff's] ability to pursue his claim will be hindered." *Falk v. Allen,* 739 F.2d 461, 463 (9th Cir.1984).

The Complaint in this matter was filed October 24, 2016. Within 6 weeks, Owen obtained counsel and began participating in this litigation, including working with Callister's counsel on a stipulated litigation plan and participating in a telephonic scheduling conference with the Court. Other than being forced to litigate on the merits, which does not satisfy the prejudice factor on its own, the Court finds setting aside the Clerk's entry of default would not result in prejudice to Callister.

**D. Setting Aside Default is Warranted**

Based on the above, the Court finds none of the "good cause" factors justify denial of Owen's request to set aside the Clerk's entry of default. As noted above, the United States Court of Appeals for the Ninth Circuit has emphasized that "judgment by default is a drastic step appropriate only in extreme circumstances" and has directed the Court not to ignore its "oft stated commitment to deciding cases on the merits whenever possible." *Mesle,* 615 F.3d at 1901. Considering this directive and the more liberal standard applied to Rule 55(c) motions, the Court will grant Owen's motion to set aside the Clerk's entry of default.

## CONCLUSION

Based upon the above, the Court concludes that Owen satisfied his burden by demonstrating good cause to set aside the Clerk's entry of default, and, therefore, will grant Owen's motion. In addition, the Court will deny Callister's motion to take judicial notice because the documents he requests to be judicially noticed are not relevant to the issues before the Court at this stage in this litigation.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Motion to Take Judicial Notice (Dkt. 24) is **DENIED**; and

2) Motion to Set Aside Clerk's Entry of Default (Dkt. 21) is **GRANTED**.

Dated: **April 25, 2017**

Honorable Candy W. Dale
United States Magistrate Judge